1 | KARIN G. PAGNANELLI (174763)
    kgp@msk.com
2 | MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
3 | Los Angeles, CA 90064-1683
    Telephone: (310) 312-2000
4 | Facsimile: (310) 312-3100

5 | JANE G. STEVENS (*pro hac vice pending*)
    jds@msk.com
6 | BRADLEY J. MULLINS (274219)
    bym@msk.com
7 | MITCHELL SILBERBERG & KNUPP LLP
    12 East 49th Street, 30th Floor
8 | New York, NY 10017
    Telephone: (212) 509-3900
9 | Facsimile: (212) 509-7239

10 | Attorneys for Defendants/Counterclaimants/
     Third-Party Plaintiffs SIMCO LIMITED,
11 | SONY MUSIC ENTERTAINMENT,
     NIALL HORAN, ZAYN MALIK, LIAM
12 | PAYNE, HARRY STYLES, and LOUIS
     TOMLINSON

13 |

14 | UNITED STATES DISTRICT COURT

15 | CENTRAL DISTRICT OF CALIFORNIA

16 |

17 | ONE DIRECTION LLC, a California
     limited liability company,

18 | Plaintiff,

19 | v.

20 | SYCO ENTERTAINMENT INC., a
     Delaware corporation; SIMCO
21 | LIMITED, a foreign limited liability
     company; SONY MUSIC HOLDINGS
22 | INC., a Delaware corporation; SONY
     MUSIC ENTERTAINMENT, a
23 | Delaware general partnership; NIALL
     HORAN, an individual; ZAYN
24 | MALIK, an individual; LIAM PAYNE,
     an individual; HARRY STYLES, an
25 | individual; LOUIS TOMLINSON, an
     individual; and DOES 1 through 10,

26 |

27 | Defendants.

28 |

CASE NO. CV12-03100 DDP (JCx)

The Honorable Dean D. Pregerson

**SIMCO LIMITED, SONY MUSIC
ENTERTAINMENT, NIALL
HORAN, ZAYN MALIK, LIAM
PAYNE, HARRY STYLES, AND
LOUIS TOMLINSON'S ANSWER,
COUNTERCLAIMS AND THIRD-
PARTY CLAIMS**

**DEMAND FOR JURY TRIAL**

Mitchell
Silberberg &
Knupp LLP

4691009.10

FILED

2012 JUN 21 PH 2:35

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

1  SIMCO LIMITED, a foreign limited
   liability company; SONY MUSIC
2  ENTERTAINMENT, a Delaware
   general partnership; NIALL HORAN,
3  an individual; ZAYN MALIK, an
   individual; LIAM PAYNE, an
4  individual; HARRY STYLES, an
   individual; and LOUIS TOMLINSON,
5  an individual,

6              Counterclaimants,

7       v.

8  ONE DIRECTION LLC, a California
   limited liability company,
9
                Counterclaim Defendant,
10

11  SIMCO LIMITED, a foreign limited
    liability company; SONY MUSIC
12  ENTERTAINMENT, a Delaware
    general partnership; NIALL HORAN,
13  an individual; ZAYN MALIK, an
    individual; LIAM PAYNE, an
14  individual; HARRY STYLES, an
    individual; and LOUIS TOMLINSON,
15  an individual,

16              Third Party Plaintiffs,

17       v.

18  DAN O'LEARY; SEAN O'LEARY;
    SCOTT GRAHAM; SCOTT
19  NAGAREDA; KLAUS CAMPBELL;
    SKYLAR CAMPBELL; TYLER
20  RODRIGUEZ; and MICHAEL GROSS
    d/b/a SIX GUN RECORDS,
21
                Third Party Defendants.
22

23

24

25

26

27

Mitchell          28
Silberberg &
Knupp LLP

4691009.10

# ANSWER AND COUNTERCLAIMS

Defendants Simco Limited, Sony Music Entertainment, Niall Horan, Zain Malik p/k/a Zayn Malik, Liam Payne, Harry Styles, and Louis Tomlinson (hereinafter collectively "Defendants"), answering the Complaint of Plaintiff One Direction LLC (hereinafter referred to as "Plaintiff," or "the O'Leary LLC") for False Designation of Origin and Common Law Unfair Competition, deny, admit and aver, upon knowledge as to their own acts and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.      Answering the allegations contained in the first sentence of paragraph 1, Defendants admit that Plaintiff purports to bring an action for trademark infringement concerning the name "One Direction" (the "Disputed Mark") as used by a musical group based in Hollister, California (the "Hollister Group"), but otherwise deny the allegations.  As to the allegations contained in the second through twelfth sentences, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations. Defendants deny that Plaintiff has an application pending to register the Disputed Mark on the principal register of the United States Patent and Trademark Office, and otherwise deny all other allegations contained in paragraph 1.

2.      Answering paragraph 2, Defendants admit the allegations contained in the first, second, and third sentences.  As to the allegations in the fourth sentence, Defendants admit only that the British band comprised of Horan, Malik, Payne, Styles and Tomlinson known as "One Direction" (hereinafter "ODUK") adopted the name and mark "One Direction" and aver that this name was selected no later than August of 2010 without any knowledge of a purported use of the Disputed Mark by any California-based individuals.  Defendants deny the allegations contained in the fifth, sixth, and seventh sentences.  As to the allegations in the

eighth sentence, Defendants admit only that ODUK released a commercial sound recording entitled "What Makes You Beautiful" in September 2011. Except as otherwise admitted, Defendants expressly deny, or lack sufficient knowledge and therefore deny, all other allegations contained in paragraph 2.

3.     Answering paragraph 3, Defendants deny the allegations of the paragraph, except admit that ODUK performed live in several cities in the United States in February 2012 and released an album in the United States at or about that time.

4.     Defendants deny the allegations of paragraph 4, except admit that Plaintiff has purported to bring this action for the purpose of protecting alleged rights.

## JURISDICTION AND VENUE

5.     Answering paragraph 5, Defendants admit that Plaintiff has purported to bring this action under Lanham Act Sections 11, 21, *et seq.*, §15 U.S.C. 1071(b), and that this Court has jurisdiction over this action and the related state claim, but deny that Plaintiff is entitled to any relief on its claim.

6.     Answering paragraph 6, Defendants admit that venue is proper in this judicial district, but deny that Plaintiff is entitled to any relief on its claims.

## THE PARTIES

7.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.     As Syco Entertainment Inc. has been dismissed from this action, no response is required to the allegations in paragraph 8.

9.     Answering the allegations of paragraph 9, Defendants admit that Defendant Simco Limited ("Simco") is a United Kingdom limited liability company and deny the remaining allegations.

10.     As Sony Music Holdings, Inc. has been dismissed from this action, no response is required to the allegations of paragraph 10.

1    11.    Defendants admit the allegations of paragraph 11.

2    12.    Defendants admit the allegations of paragraph 12.

3    13.    Answering the allegation of paragraph 13, Defendants admit that

4    Plaintiff purports to sue various John Does, and deny knowledge or information

5    sufficient to form a belief as to the truth of the allegations contained in paragraph

6    13 regarding unidentified parties, and therefore deny the allegations.

7                                    **FACTS**

8    14.    Defendants deny knowledge or information sufficient to form a belief

9    as to the truth of the allegations contained in paragraph 14, and therefore deny the

10    allegations.

11    15.    Defendants deny the allegations of paragraph 15.

12    16.    Answering paragraph 16, Defendants admit the allegations of the first,

13    second, fourth and fifth sentences of the paragraph, and deny the allegation

14    contained in the third sentence.

15    17.    Answering paragraph 17, Defendants deny the allegations in the first

16    and second sentences, and with respect to the allegations in the third sentence,

17    admit only that ODUK released a commercial sound recording entitled "What

18    Makes You Beautiful" in September 2011.   Except as otherwise admitted,

19    Defendants expressly deny all other allegations in paragraph 17.

20    18.    Defendants deny the allegations of paragraph 18.

21    19.    Defendants deny the allegations of paragraph 19.

22    20.    Defendants deny the allegations of paragraph 20.

23    21.    Answering the allegations of paragraph 21, Defendants admit that on

24    or about February 14, 2012, Plaintiff sent a letter to Defendants' attorneys, and

25    deny the remaining allegations of paragraph 21.

26                          **FIRST CLAIM FOR RELIEF**

27    22.    Defendants repeat and reallege their responses to the allegations

28    contained in paragraphs 1 through 21 above as though set forth in full herein.

Mitchell
Silberberg &
Knupp LLP

4691009.10

3

1      23.    Defendants deny the allegations of paragraph 23.

2      24.    Defendants deny the allegations of paragraph 24.

3      25.    Answering the allegations of paragraph 25, Defendants admit that

4  Plaintiff has not authorized any acts of Defendants, but deny that any authority is

5  needed from Plaintiff.

6      26.    Defendants deny the allegations of paragraph 26.

7      27.    Defendants deny the allegations of paragraph 27.

8      28.    Defendants deny the allegations of paragraph 28.

9      29.    Defendants deny the allegations of paragraph 29.

10      30.    Defendants deny the allegations of paragraph 30.

11  **SECOND CLAIM FOR RELIEF**

12      31.    Defendants repeat and reallege their responses to the allegations

13  contained in paragraphs 1 through 30 above as though set forth in full herein.

14      32.    Defendants deny the allegations of paragraph 32.

15      33.    Answering the allegations of paragraph 33, Defendants admit that

16  they have used their own mark, "One Direction," in connection with their products

17  and services, but otherwise deny the allegations.

18      34.    Defendants deny the allegations of paragraph 34.

19      35.    Defendants deny the allegations of paragraph 35.

20      36.    Defendants deny the allegations of paragraph 36.

21      37.    Defendants deny the allegations of paragraph 37.

22      38.    Defendants deny the allegations of paragraph 38.

23      39.    Defendants deny the allegations of paragraph 39.

24      40.    Defendants deny the allegations of paragraph 40.

25  **AFFIRMATIVE DEFENSES**

26      In further Answer to the Complaint, Defendants assert the following

27  affirmative defenses:

28

## FIRST AFFIRMATIVE DEFENSE

### Failure To State A Claim

41.     The Complaint and each claim therein fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### Waiver, Laches, Acquiescence, And Estoppel

42.     The Complaint and each claim therein is barred, precluded, and/or limited by the doctrines of waiver, laches, acquiescence, and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

### Unclean Hands

43.     The Complaint and each claim therein is barred, precluded, and/or limited by reason of the unclean hands of Plaintiff and related parties.

## FOURTH AFFIRMATIVE DEFENSE

### Bad Faith

44.     Plaintiff is estopped by its own bad faith conduct from maintaining its claims against Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### Non-Infringement

45.     Defendants have not infringed any applicable trademarks under federal or state law.

## SIXTH AFFIRMATIVE DEFENSE

### No Damages

46.     Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## SEVENTH AFFIRMATIVE DEFENSE

### Prior Use

47.    The Complaint and each claim therein is barred, precluded, and/or limited by reason of Defendants' priority of use of the Disputed Mark in United States commerce.

## EIGHTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

48.    Without admitting that Plaintiff has suffered any damages, or possesses any rights that could be the subject of damages, Plaintiff has failed to mitigate its alleged damages.

## NINTH AFFIRMATIVE DEFENSE

### Lack of Standing

49.    Plaintiff's claims against Defendants are barred, in whole or in part, by Plaintiff's lack of standing.

## TENTH AFFIRMATIVE DEFENSE

### No Willfulness

50.    Without admitting that Plaintiff has infringed any trademark, or that Plaintiff possesses any trademark rights that could be infringed, Defendants have not acted willfully.

## ELEVENTH AFFIRMATIVE DEFENSE

### No Attorneys' Fees or Costs

51.    Defendants have not engaged in any conduct that entitles Plaintiff to attorneys' fees or costs.

## TWELFTH AFFIRMATIVE DEFENSE

### No Treble Damages

52.    Defendants have not engaged in any conduct that would entitle Plaintiff to treble damages, if any.

Mitchell
Silberberg &
Knupp LLP

4691009.10

## THIRTEENTH AFFIRMATIVE DEFENSE

### Failure to Join a Necessary or Indispensable Party

53.     Plaintiff has failed to join a necessary or indispensable party without whom this action cannot proceed.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Unjust Enrichment

54.     The imposition of any liability against Defendants would unjustly enrich Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Plaintiff's Fraudulent Conduct

55.     Plaintiff's claims are barred by the fraudulent conduct that is pleaded with particularity in Defendants' Counterclaims *infra*.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Geographically Limited Use

56.     Without admitting that any such area exists, Plaintiff's claims are barred to the extent they seek to enforce purported rights that extend beyond the limited geographical and territorial area in which Plaintiff has made any alleged use in commerce of the Disputed Mark in connection with goods or services prior to such use by Defendants.

## JURY DEMAND

57.     Defendants request a trial by jury on all issues triable to a jury.

58.     Defendants deny that Plaintiff is entitled to any relief from them, including all relief described in Plaintiff's Prayer for Relief.

//
//
//
//

Mitchell
Silberberg &
Knupp LLP

4691009.10

## COUNTERCLAIMS AND THIRD PARTY CLAIMS

Counterclaimants/Third Party Plaintiffs Simco Limited, Sony Music Entertainment, Niall Horan, Zain Malik p/k/a Zayn Malik, Liam Payne, Harry Styles and Louis Tomlinson, as and for their Counterclaims against Plaintiff One Direction LLC ("the O'Leary LLC") and for their Third Party claims against Third Party Defendants Dan O'Leary, Sean O'Leary, Scott Graham, Scott Nagareda, Klaus Campbell, Skylar Campbell, Tyler Rodriguez, and Michael Gross d/b/a Six Gun Records, allege, upon knowledge as to their own acts and upon information and belief as to the acts of others, as follows:

## NATURE OF THE COUNTERCLAIMS AND THIRD PARTY CLAIMS

59.     These Counterclaims and Third Party claims for trademark infringement, false designation of origin, unfair competition and related claims are brought to redress the significant harm caused to Counterclaimants/Third Party Plaintiffs as a result of the O'Leary LLC's and Third Party Defendants' calculated efforts to obtain a windfall from the fame and goodwill associated with the use by ODUK of the name "One Direction", owned or exploited under license by Counterclaimants/Third Party Plaintiffs (hereinafter, the "ONE DIRECTION Mark"). The O'Leary LLC and Third Party Defendants have unfairly appropriated the name "One Direction" with full knowledge that such use is confusingly similar to ODUK's world-famous and distinctive trademark and in furtherance of a scheme devised to capitalize upon consumer confusion and to enrich themselves through legally baseless litigation. Counterclaimants/Third Party Plaintiffs seek injunctive relief and damages for the O'Leary LLC's and Third Party Defendants' wrongful acts.

## JURISDICTION AND VENUE

60.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, as it involves claims arising under the Lanham Act. This Court has supplemental subject-matter jurisdiction

1    over Counterclaimants/Third Party Plaintiffs' state law claims pursuant to 28

2    U.S.C. § 1367 because they are so related that they form part of the same case or

3    controversy.

4         61.    This Court has personal jurisdiction over the O'Leary LLC and Third

5    Party Defendants because (a) they are doing business in the State of California and

6    this District; and (b) they have intentionally committed the unlawful acts

7    hereinafter alleged in, and/or their wrongful acts are directed to residents of, the

8    State of California and this District.

9         62.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)

10   because a substantial part of the events giving rise to the claims alleged herein

11   occurred in this District.

12                                    **THE PARTIES**

13        63.    Counterclaimant and Third Party Plaintiff Simco Limited ("Simco") is

14   a private limited company organized under the laws of the United Kingdom,

15   having a principal place of business in London, England.  Simco is exclusively

16   entitled to exploit and to authorize the exploitation on a worldwide basis of the

17   sound recordings of ODUK and to use and authorize the use of the ONE

18   DIRECTION Mark in connection with sound recordings.

19        64.    Counterclaimant and Third Party Plaintiff Sony Music Entertainment

20   ("SME") is a general partnership organized under the laws of the State of

21   Delaware, having its principal place of business in New York, New York.  SME is

22   the exclusive sublicensee with respect to the exploitation in the United States of

23   sound recordings of ODUK and the use of the ONE DIRECTION Mark in

24   connection therewith.

25        65.    Counterclaimants and Third Party Plaintiffs Niall Horan, Zain Malik

26   p/k/a Zayn Malik, Liam Payne, Harry Styles and Louis Tomlinson are individuals

27   residing in the United Kingdom, and who collectively are members of ODUK.

28

Mitchell
Silberberg &
Knupp LLP

4691009.10                                      9

66.     Counterclaim Defendant One Direction LLC ("the O'Leary LLC") is a limited liability company organized under the laws of the State of California in March 2012, having its principal place of business in the State of California.  The O'Leary LLC is the agent and alter ego of Third Party Defendants Dan O'Leary and Sean O'Leary, and has, since its organization, acted in concert with, and/or aided and abetted, the wrongful conduct complained of herein.

67.     Third Party Defendant Dan O'Leary is the parent of Third Party Defendant Sean O'Leary, and resides in the County of San Benito, California.  Dan O'Leary is the currently listed applicant with respect to Application Serial No. 85/241,506, filed with the United States Patent and Trademark Office ("USPTO") on February 14, 2011, for the mark ONE DIRECTION in connection with "[e]ntertainment, namely, live performances by a musical band" in International Class 041.  Dan O'Leary holds himself out as the manager of the Hollister Group and controls and dominates the Hollister Group and Plaintiff.

68.     Third Party Defendant Sean O'Leary is billed as the lead singer of the Hollister Group and resides in the County of San Benito, California.  Sean O'Leary is the original submitter and declarant with respect to Application Serial No. 85/241,506, filed with the USPTO on February 14, 2011, for the mark ONE DIRECTION in connection with "[e]ntertainment, namely, live performances by a musical band" in International Class 041.

69.     Third Party Defendants Scott Graham, Scott Nagareda, Klaus Campbell, Skylar Campbell, and Tyler Rodriguez are individuals residing in California, and are current or former members of the Hollister Group.

70.     Third Party Defendant Michael Gross is an individual residing in California, and does business as and is the alter ego of Six Gun Records, which is identified as the record label of the Hollister Group.  Gross produced, engineered, and/or otherwise contributed to an album entitled "The Light" distributed using the ONE DIRECTION Mark.

Mitchell
Silberberg &
Knupp LLP

4691009.10

10

## FACTS

### Counterclaimants/Third Party Plaintiffs Have Priority Of Use
### Of The ONE DIRECTION Mark In The United States

71.     Counterclaimants/Third Party Plaintiffs have continuously and consistently been utilizing the ONE DIRECTION Mark since ODUK made its public debut on the popular British television program "The X Factor" in the fall of 2010.  Beginning at that time, Counterclaimants/Third Party Plaintiffs have made continuous and international use of the mark in commerce in connection with entertainment and related goods and services, including but not limited to musical sound recordings, audiovisual performances, and collateral merchandise, and the ONE DIRECTION Mark has come to be globally recognized as identifying ODUK and its members that perform under the "One Direction" name and mark.

72.     Counterclaimants/Third Party Plaintiffs have utilized the ONE DIRECTION Mark in connection with entertainment and related goods and services, including but not limited to audiovisual recordings embodying ODUK's live musical performances, in interstate commerce in the United States since the fall of 2010.

73.     Counterclaimants/Third Party Plaintiffs have used the ONE DIRECTION Mark and name in connection with a wide variety of merchandising, advertising and promotional activities, and ODUK has developed a continuous and rapidly growing global presence on social networking and media sites and forums, including Facebook, Twitter, and numerous websites devoted either to ODUK or to "The X Factor" generally.  Among other things, on or about August 9, 2010, the creation of ODUK caused the "onedirectionmusic.com" domain name to be registered.  Articles featuring ODUK and its members have been circulated worldwide from at least September 2010.  The first Twitter account pertaining to ODUK ("1DirectionTeam") was created on or about September 12, 2010, and ODUK's official Facebook account (which currently boasts more than 6.9 million

1  "likes") was created on or about September 30, 2010.  Among many other videos

2  made available worldwide during the fall of 2010 and subsequently, ODUK's use

3  of the ONE DIRECTION Mark appeared in connection with videos uploaded on or

4  about October 2, 2010 to the commercial video-streaming website YouTube that

5  were avidly consumed thousands of times by United States fans of ODUK and

6  "The X-Factor" *on that very day*.  These videos alone have now been viewed in the

7  U.S. more than 1.3 million times.  By December 12, 2010, more than 30 such

8  videos identifying ODUK through its use of the ONE DIRECTION Mark had been

9  made available to and were being widely consumed by the United States public.

10      74.     ODUK enjoys unprecedented success and fame in the United States.

11  For example, ODUK became the first UK musical act to have a debut album enter

12  the U.S. Billboard chart at  No. 1.  (By comparison, The Beatles' first album

13  debuted at No. 2.)

14      75.     Through their continuous and substantial use of the ONE

15  DIRECTION Mark, Counterclaimants/Third Party Plaintiffs have developed

16  valuable goodwill in the Mark, and the high level of association of the ONE

17  DIRECTION Mark with ODUK has unquestionably established the Mark as

18  famous, both in the United States and around the world.

### The O'Leary LLC's And Third Party Defendants'
### Infringing Use Of The ONE DIRECTION Mark

21      76.     Since no later than November 2010, the O'Leary LLC and Third Party

22  Defendants have been aware of Counterclaimants/Third Party Plaintiffs' use of the

23  ONE DIRECTION Mark in connection with ODUK.  For example, reference was

24  made to ODUK on November 28, 2010 in postings on the "OneDirectionUSA"

25  Facebook page (established by Third Party Defendants after the creation of

26  ODUK's own, highly popular Facebook page).

27      77.     With knowledge of Counterclaimants/Third Party Plaintiffs' rights in

28  the ONE DIRECTION Mark, the O'Leary LLC and Third Party Defendants, acting

Mitchell
Silberberg &
Knupp LLP

4691009.10

1   in concert with and as alter egos of one another, devised and perpetrated a scheme

2   to exploit the goodwill being established in the ONE DIRECTION Mark by

3   Counterclaimants/Third Party Plaintiffs, and to ride off the coattails of ODUK's

4   global fame and success.

5       78.   Acting with full knowledge of Counterclaimants/Third Party

6   Plaintiffs' rights in the ONE DIRECTION Mark, the O'Leary LLC and Third Party

7   Defendants, acting in concert with and as alter egos of one another, have willfully

8   and maliciously utilized the ONE DIRECTION Mark in connection with goods or

9   services with the intent to deceive consumers and drive attention to the O'Leary

10  LLC's and Third Party Defendants' goods and services by intentionally creating

11  misleading association of these goods and services with Counterclaimants/Third

12  Party Plaintiffs.

13      79.   The O'Leary LLC's and Third Party Defendants' infringing uses of

14  the ONE DIRECTION Mark include, but are not limited to, (i) the creation of a

15  Facebook page, entitled "OneDirectionUSA," utilizing the ONE DIRECTION

16  Mark in or about November 2010; (ii) the worldwide offering of an album entitled

17  "The Light" on iTunes on or about February 3, 2011 utilizing the ONE

18  DIRECTION Mark; (iii) registration of the domain name "onedirectionusa.com"

19  utilizing the ONE DIRECTION Mark in or about May 2011; and (iv) the posting

20  of a video available to the public via YouTube utilizing the ONE DIRECTION

21  Mark, and embodying the intentionally deceptive and misleading keywords

22  "England," "UK," and "1D," in or about June 2011.

23      80.   At all relevant times, Third Party Defendant Dan O'Leary, who has

24  held himself out to be the "manager" of the Hollister Group, has directed,

25  controlled and/or encouraged all of the O'Leary LLC's and the Hollister Group's

26  activities, including their willfully infringing use of the ONE DIRECTION Mark.

27      81.   Third Party Defendants Sean O'Leary, Scott Graham, Scott Nagareda,

28  Klaus Campbell, Skylar Campbell, and Tyler Rodriguez are all now or have at one

Mitchell
Silberberg &
Knupp LLP

4691009.10

13

time been members of the continuously changing Hollister Group, and have all intentionally schemed and acted in concert to steal the goodwill developed by Counterclaimants/Third Party Plaintiffs in the ONE DIRECTION Mark, and to intentionally mislead consumers into believing that the Hollister Group is in some way associated with or sponsored by Counterclaimants/Third Party Plaintiffs.

82.    Third Party Defendant Michael Gross, individually and through his alter ego Six Gun Records, encouraged, facilitated and/or contributed to the Hollister Group's infringing use of the ONE DIRECTION Mark by, among other things, producing, engineering, performing on, and/or making available to the public musical recordings utilizing the infringing Mark and by sponsoring and/or promoting the Hollister Group's infringing uses of the ONE DIRECTION Mark via various outlets, including but not limited to the website located at www.sixgunrecords.com.

## COUNTERCLAIMS AND THIRD PARTY CLAIMS

### Count I

### (Declaration of Non-Infringement against the O'Leary LLC and Third Party Defendants)

83.    Counterclaimants/Third Party Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 82 as though fully set forth herein.

84.    An actual controversy exists between Counterclaimants/Third Party Plaintiffs and the O'Leary LLC and Third Party Defendants, and Counterclaimants/Third Party Plaintiffs are reasonably apprehensive that, if their superior rights in the ONE DIRECTION Mark are not affirmatively declared, the O'Leary LLC and Third Party Defendants will continue to intentionally cause consumer confusion and disrupt Counterclaimants/Third Party Plaintiffs' legitimate business activities.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to non-infringement.

85. Counterclaimants/Third Party Plaintiffs have used the ONE DIRECTION name and mark in commerce, in the United States and worldwide, and acquired rights at common law to the ONE DIRECTION Mark, since at least October 2010, before the O'Leary LLC, Third Party Defendants, or any other person or entity made use in United States commerce of the ONE DIRECTION Mark in connection with the offering of any good or service.

86. Counterclaimants/Third Party Plaintiffs are entitled to a declaration that they have priority of use of the ONE DIRECTION Mark in the United States.

87. Because Counterclaimants/Third Party Plaintiffs have priority of use of the ONE DIRECTION Mark, Counterclaimants/Third Party Plaintiffs are further entitled to a declaration that they have not infringed, and could not infringe, any rights purportedly held by the O'Leary LLC and/or Third Party Defendants.

88. A declaratory judgment on non-infringement would serve a useful purpose in clarifying or settling the legal issues between Counterclaimants/Third Party Plaintiffs and the O'Leary LLC and Third Party Defendants.

89. A judgment declaring that use of the ONE DIRECTION Mark by Counterclaimants/Third Party Plaintiffs has not and could not infringe any rights purportedly owned by the O'Leary LLC and/or Third Party Defendants would finalize the controversy between the parties and offer them relief from uncertainty.

## Count II

### (False Designation Of Origin & Unfair Competition Under Federal Law Against the O'Leary LLC and Third Party Defendants)

90. Counterclaimants/Third Party Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 89 as though fully set forth herein.

91. Counterclaimants/Third Party Plaintiffs are or have been the legal and/or beneficial owners and/or exclusive licensees of the ONE DIRECTION Mark and all rights related therewith.

Mitchell
Silberberg &
Knupp LLP

4691009.10

15

92.     Through continuous use of the ONE DIRECTION Mark in commerce since the fall of 2010, in the United States and worldwide, Counterclaimants/Third Party Plaintiffs have established a protectable interest in the ONE DIRECTION Mark.

93.     The O'Leary LLC's and Third Party Defendants' direct, contributory, and/or vicarious use of the ONE DIRECTION Mark, as described herein, is likely to cause confusion, mistake or deception as to an affiliation, connection or association between the O'Leary LLC and Third Party Defendants and Counterclaimants/Third Party Plaintiffs, or as to Counterclaimants/Third Party Plaintiffs' sponsorship or approval of the O'Leary LLC's and/or Third Party Defendants' goods and services.  The O'Leary LLC's and Third Party Defendants' conduct therefore constitutes false and misleading designations of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

94.     As a result of the O'Leary LLC's and Third Party Defendants' direct, contributory and/or vicarious infringement, Counterclaimants/Third Party Plaintiffs have suffered damages, including but not limited to a loss of goodwill in the ONE DIRECTION Mark.

95.     The willful nature of the O'Leary LLC's and Third Party Defendants' unlawful conduct, done with actual notice and knowledge of Counterclaimants/Third Party Plaintiffs' rights in the ONE DIRECTION Mark, and with the sole intent to deceive consumers and cause confusion, renders this an "exceptional case" within the meaning of 15 U.S.C. § 1117(a). Counterclaimants/Third Party Plaintiffs are therefore entitled an to an enhanced damages award and an award of attorneys' fees.

96.     The O'Leary LLC's and Third Party Defendants' acts have caused and will continue to cause substantial irreparable harm to Counterclaimants/Third Party Plaintiffs that cannot fully be compensated or measured in money unless further unlawful conduct by the O'Leary LLC and Third Party Defendants is

1   enjoined and restrained by this Court. Counterclaimants/Third Party Plaintiffs

2   have no adequate remedy at law. The balance of equities favor

3   Counterclaimants/Third Party Plaintiffs because Counterclaimants/Third Party

4   Plaintiffs have invested substantial time and money in the creation of goodwill

5   associated with the ONE DIRECTION Mark, which the O'Leary LLC and Third

6   Party Defendants have schemed to appropriate through the intentional fostering of

7   consumer confusion. Counterclaimants/Third Party Plaintiffs are entitled to

8   preliminary and permanent injunctions prohibiting further unlawful conduct and

9   violation of Counterclaimants/Third Party Plaintiffs' rights in the ONE

10   DIRECTION Mark by the O'Leary LLC and Third Party Defendants.

11                              **Count III**

12   **(Unfair Competition, Cal. Bus. & Prof. Code § 17200, Against The**

13              **O'Leary LLC and Third Party Defendants)**

14       97.   Counterclaimants/Third Party Plaintiffs repeat and reallege each and

15   every allegation set forth in Paragraphs 1 through 96 as though fully set forth

16   herein.

17       98.   By reason of the conduct stated herein, including their use of the ONE

18   DIRECTION Mark in connection with the offering of entertainment and related

19   goods and services, the O'Leary LLC and Third Party Defendants have engaged in

20   unfair and fraudulent business practices within the meaning of California Business

21   and Professions Code § 17200, *et seq.* The O'Leary LLC's and Third Party

22   Defendants' conduct has impaired Counterclaimants/Third Party Plaintiffs'

23   business and have otherwise adversely affected Counterclaimants/Third Party

24   Plaintiffs' business and reputation.

25       99.   The O'Leary LLC's and Third Party Defendants' conduct has caused

26   and if continued will cause Counterclaimants/Third Party Plaintiffs' great and

27   irreparable damage and injury that cannot adequately be measured in money.

28   Counterclaimants/Third Party Plaintiffs have no adequate remedy at law.

Mitchell
Silberberg &
Knupp LLP

4691009.10

17

1   100.   Pursuant to California Business and Professions Code § 17200, *et seq.*, Counterclaimants/Third Party Plaintiffs are entitled to injunctive relief prohibiting the O'Leary LLC and Third Party Defendants from engaging in further unlawful and unfair conduct.

### Count IV

### (Unfair Competition, Common Law, Against the O'Leary LLC and Third Party Defendants)

101.   Counterclaimants/Third Party Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 100 as though fully set forth herein.

102.   By reason of the conduct stated herein, including their use of the ONE DIRECTION Mark in connection with the offering of entertainment and related goods and services, the O'Leary LLC and Third Party Defendants have misappropriated the goodwill engendered in the ONE DIRECTION Mark by Counterclaimants/Third Party Plaintiffs, and purposefully exploited Counterclaimants/Third Party Plaintiffs' reputation among consumers.  The O'Leary LLC and Third Party Defendants have thereby engaged in common law unfair competition.

103.   Counterclaimants/Third Party Plaintiffs are entitled to damages as a result of the O'Leary LLC's and Third Party Defendants' unfair competition.  The O'Leary LLC and Third Party Defendants have been guilty of fraud, oppression or malice, and by reason thereof, Counterclaimants/Third Party Plaintiffs are, in addition to their actual damages, entitled to recover punitive damages.

Mitchell
Silberberg &
Knupp LLP

4691009.10

1 | **Count V**

2 | **(Violation of the Anticybersquatting Consumer Protection Act,**

3 | **15 U.S.C. § 1125(d), Against The O'Leary LLC and Third Party Defendants)**

4 |   104. Counterclaimants/Third Party Plaintiffs repeat and reallege each and

5 | every allegation set forth in Paragraphs 1 through 103 as though fully set forth

6 | herein.

7 |   105. Counterclaimants/Third Party Plaintiffs' continuous and global use of

8 | the ONE DIRECTION Mark since the fall of 2010 has rendered the mark distinct

9 | in the minds of consumers.

10 |   106. The domain name "onedirectionusa.com" is confusingly similar to the

11 | ONE DIRECTION Mark.

12 |   107. The O'Leary LLC and Third Party Defendants, and/or agents

13 | operating at the direction of the O'Leary LLC and Third Party Defendants,

14 | registered and use the domain name "onedirectionusa.com" with the bad faith

15 | intent of causing harm to Counterclaimants/Third Party Plaintiffs and profiting

16 | unlawfully from Counterclaimants/Third Party Plaintiffs' use of the ONE

17 | DIRECTION Mark by using the ONE DIRECTION Mark to call attention to the

18 | O'Leary LLC's and Third Party Defendants' good or services.

19 |   108. The O'Leary LLC and Third Party Defendants, and/or agents

20 | operating at the direction of the O'Leary LLC and Third Party Defendants,

21 | registered and use the domain name "onedirectionusa.com" with the intent to

22 | divert consumers from online locations associated with Counterclaimants/Third

23 | Party Plaintiff's legitimate use of the ONE DIRECTION Mark, with the bad faith

24 | intent to harm Counterclaimants/Third Party Plaintiffs' goodwill and to profit from

25 | the ONE DIRECTION Mark by creating a likelihood of confusion as to the source,

26 | sponsorship, affiliation or endorsement of the website accessible through the

27 | domain name "onedirectionusa.com", and any goods or services offered therein.

28

Mitchell
Silberberg &
Knupp LLP

4691009.10

109.   The O'Leary LLC's and Third Party Defendants' actions constitute cyberpiracy in violation of 15 U.S.C. §1125(d).

110.   The O'Leary LLC's and Third Party Defendants' unauthorized registration and use of the domain name "onedirectionusa.com" have caused and unless enjoined, will continue to cause, irreparable injury to Counterclaimants/Third Party Plaintiffs and to the goodwill associated with the ONE DIRECTION Mark.

111.   Because the O'Leary LLC's and Third Party Defendants' infringing conduct has caused and is likely to cause substantial injury to the public and to Counterclaimants/Third Party Plaintiffs, Counterclaimants/Third Party Plaintiffs are entitled to injunctive relief, and to statutory damages under 15 U.S.C. §1117(d).

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimants/Third Party Plaintiffs request that this Court enter judgment in favor of Counterclaimants/Third Party Plaintiffs and against the O'Leary LLC and Third Party Defendants as follows:

1.   On Count I, for a declaratory judgment that Counterclaimants/Third Party Plaintiffs have priority of use of the ONE DIRECTION Mark in United States commerce, and have not and cannot infringe any rights in the ONE DIRECTION Mark purportedly held by the O'Leary LLC and/or Third Party Defendants;

2.   On Count II and IV, actual damages in an amount to be determined at trial sufficient to compensate Counterclaimants/Third Party Plaintiffs for the O'Leary LLC's and Third Party Defendants' willful violation of Counterclaimants/Third Party Plaintiffs' rights in the ONE DIRECTION Mark;

3.   On Counts II through V, for a preliminary and permanent injunction prohibiting the O'Leary LLC and Third Party Defendants from pursuing any

Mitchell
Silberberg &
Knupp LLP

4691009.10

20

1  pending or new applications for registration of the ONE DIRECTION Mark, or

2  any confusingly similar mark, with the United States Patent and Trademark Office;

3        4.      On Counts II through V, for a preliminary and permanent injunction

4  prohibiting the O'Leary LLC and Third Party Defendants, and any person in active

5  concert or participation with the O'Leary LLC and Third Party Defendants, or any

6  of them, from using the ONE DIRECTION Mark and/or any confusingly similar

7  mark in connection with the offering of entertainment or any related goods or

8  services;

9        5.      On Count IV, punitive damages;

10        6.      On Count V, statutory damages pursuant to 15 U.S.C. § 1117(d);

11        7.      On Count V, for a preliminary and permanent injunction requiring the

12  O'Leary LLC and Third Party Defendants, and any person in active concert or

13  participation with the O'Leary LLC and Third Party Defendants, or any of them, to

14  cease any and all use of the domain name "onedirectionusa.com", and prohibiting

15  the O'Leary LLC and Third Party Defendants, and any person in active concert or

16  participation with the O'Leary LLC and Third Party Defendants, or any of them,

17  from registering or using any domain name utilizing the ONE DIRECTION Mark

18  and/or any confusingly similar mark.

19        8.      That the Court find this case exceptional and award

20  Counterclaimants/Third Party Plaintiffs enhanced damages and their attorneys'

21  fees, costs, and expenses; and

22        9.      That this Court award Counterclaimants/Third Party Plaintiffs such

23  other and further relief as the Court deems just and proper.

24  //

25  //

26  //

27  //

28  //

Mitchell
Silberberg &
Knupp LLP

4691009.10

21

1  DATED:  June 21, 2012         KARIN G. PAGNANELLI
                                 JANE G. STEVENS
2                                BRADLEY J. MULLINS
                                 MITCHELL SILBERBERG & KNUPP LLP
3

4                                By: *Kim Pagnanelli*
5                                    Karin G. Pagnanelli
                                     Attorneys for
6                                    Defendants/Counterclaimants/Third-
                                     Party Plaintiffs SIMCO LIMITED,
7                                    SONY MUSIC ENTERTAINMENT,
                                     NIALL HORAN, ZAYN MALIK, LIAM
8                                    PAYNE, HARRY STYLES, and LOUIS
                                     TOMLINSON
9

10

11              **DEMAND FOR JURY TRIAL**

12        Defendants/Counterclaimants/Third Party Plaintiffs hereby demand a trial by

13  jury of all issues triable to a jury.

14

15  DATED:  June 21, 2012         KARIN G. PAGNANELLI
                                 JANE G. STEVENS
16                               BRADLEY J. MULLINS
                                 MITCHELL SILBERBERG & KNUPP LLP
17

18                               By: *Kim Pagnanelli*
19                                   Karin G. Pagnanelli
                                     Attorneys for
20                                   Defendants/Counterclaimants/Third-
                                     Party Plaintiffs SIMCO LIMITED,
21                                   SONY MUSIC ENTERTAINMENT,
                                     NIALL HORAN, ZAYN MALIK, LIAM
22                                   PAYNE, HARRY STYLES, and LOUIS
                                     TOMLINSON
23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

4691009.10

22